IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



JOSEPH ALLEN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Action No. 3:08–CV–293

## MEMORANDUM OPINION

THIS MATTER, a review of a denial of an application for Social Security Disability and Supplemental Security Income payments, based on a finding by an Administrative Law Judge ("ALJ") that the applicant, Joseph Allen, is not disabled, is before the Court on Allen's objections (Docket No. 13) to Judge Dohnal's Report and Recommendation. For the reasons stated below, the Court will OVERRULE Allen's objections and ADOPT Judge Dohnal's Report and Recommendation (Docket No. 12) DENYING Allen's Motion for Summary Judgment (Docket No. 9), GRANTING the Commissioner of Social Security's Motion for Summary Judgment (Docket No. 11), and AFFIRMING the Commissioner's decision denying benefits to Allen.

## I. BACKGROUND

The Social Security Commissioner ("Commissioner") evaluates applications for benefits according to a five-step process: asking whether an applicant (1) is performing "substantial gainful activity"; (2) is severely impaired; (3) has an

1

impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1; (4) could continue performing work that he did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920; see Rogers v. Barnhart, 216 F. App'x 345, 347–48 (4th Cir. 2007). If, at any step of that analysis, the Commissioner is able to determine that the applicant is disabled, the inquiry must stop. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In this case, the Commissioner found that Allen is not disabled at step five of the analysis. The Commissioner found that while (1) Allen had not performed substantial gainful activity since the alleged onset of the disability; (2) he had severe impairments;[1] (3) the impairments did not meet any of those listed in 20 C.F.R. Part 404, Subpart P, App'x 1; and (4) he could not perform his past relevant or light work due to the levels of exertion; (5) Allen does have the residual functional capacity ("RFC") to perform some occupations which exist in significant numbers in the national economy. Specifically, upon analysis by a Vocational Expert ("VE"), the ALJ found that Allen could work as an addresser, a small parts assembler, a production inspector, or as a ticket seller. (R. at 27.)

Allen objected to the Commissioner's findings, arguing that the ALJ (1) applied an incorrect standard of law by giving the Medical Expert's ("ME") opinion

---

[1] These impairments consisted of mixed connective tissue disease, rheumatoid arthritis, lumbar spine degenerative disc disease, and bilateral knee problems with repeat left knee meniscal tears. (R&R at 6; R. at 17–18.)

2

controlling weight, (2) erred by not giving controlling weight to his treating physician, and (3) improperly disregarded Plaintiff's testimony for lack of credibility. Judge Dohnal found that the ALJ applied the proper standard, gave the physicians' opinions the appropriate weight, and correctly considered Plaintiff's credibility.

## II. ANALYSIS

### A. Standard of Review

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. Id. In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. Mastro, 270 F.3d at 176.

B. Judge Dohnal properly found that the ALJ applied the appropriate standard of law with regards to the objective and subjective evidence presented.

Plaintiff contends that the R&R sustained the ALJ's improper preference of the ME's opinion over that of Dr. Coutlakis, Allen's treating rheumatologist, by allowing the ME to base his testimony entirely on objective medical evidence. Plaintiff argues that the ME only reviewed objective data, and not subjective reporting, (Tr. 32) therefore the R&R's adoption of the ALJ's reliance on the ME's opinion adopted an improper standard. Plaintiff's argument is without merit.

The R&R considered this very question and held that the ALJ applied the correct standard, "considering both objective medical evidence and the Plaintiff's subjective complaints of pain when making his RFC determination." (R&R at 9.) The R&R notes that the ALJ thoroughly reviewed all opinions, testimony, and facts, determining which factors to weigh more heavily than others. (R&R at 9–11.) Thus, the ME's analysis of objective factors was only one of the many elements the ALJ took into account in making his decision.

In considering the RFC of a plaintiff, the ALJ must consider "all relevant evidence in [the] case record." 20 C.F.R. §§ 416.945(a)(1), 416.946(c). Residual functional capacity "is the most [that an applicant] can still do despite [his] limitations," id. § 416.945(a)(1), and is determined on the basis of "all of the relevant medical and other evidence." Id. § 416.945(3). The analysis consists of two parts: "(1) determine whether there is an underlying medically determinable physical or mental ailment that could reasonably be expected to produce the claimant's symptoms; and then (2) [ ] evaluate the intensity, persistence and limiting effects of

4

claimant's symptoms to determine how these limitations would affect the claimant's ability to engage in work-related activities." (R&R at 8 (citing 20 C.F.R. § 404.1529; Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996)).) Step two requires consideration of objective medical evidence and subjective evidence supporting or contradicting a claimant's complaints of pain. Hines, 453 F.3d at 563–65. The subjective complaints must be considered and not discredited solely because they lack objective substantiation, Gowans v. Astrue, No. SKG-06-2917, 2008 WL 179479, at *11 (D. Md. Jan. 17, 2008) (citing Hines, 453 F.3d at 565), however, they "need not be accepted by the ALJ 'to the extent that they are inconsistent with the available evidence.'" (R&R at 8 (quoting Gowans, 2008 WL 179479, at *11) (internal citations omitted).)

Upon review of the ALJ's Report, it is clear that he considered Plaintiff's subjective complaints, the objective considerations of the ME, and the reports of Dr. Coutlakis in making his final determination. The Report notes that all of the reported symptoms, as well as all opinion evidence, were considered in deciding that Allen had a medically determinable ailment. (Report at 6–7.) The Report then states the correct standard of determining an RFC[2] and specifically considers each of the complaints provided by the applicant, coming to the conclusion that Allen has a medically determinable impairment that could reasonably be expected to produce some of the alleged symptoms. However, the ALJ found that "the claimant's

---

[2] "[W]henever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the [ALJ] must make a finding on the credibility of the statements based on a consideration of the entire case record." (Report at 6.)

statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." (Report at 8.) Compared to the testimony given, the functions Plaintiff is able to perform, and the medical evidence presented, the ALJ found that the subjective complaints could not be given controlling weight. Therefore, the limitations based on pain were deemed unlikely to limit Plaintiff's work as much as he claimed. Not giving Allen's testimony controlling weight is not an indicator that the ALJ failed to consider his testimony—it simply relates to the credibility given to his testimony.

Plaintiff contends that "it is impossible to tell how much the ME's overly-restrictive analysis affected the ALJ's handling of any other factors" and for this reason, the Report is faulty. (Pl.'s Obj. 5-6.) It is clear from the Report and the R&R that the ALJ properly weighed all the evidence presented. At this stage, the Court may not weigh conflicting evidence or evaluate the credibility of evidence. Mastro, 270 F.3d at 176. Because the record contains substantial evidence supporting the ALJ's decision, and the ALJ's Report clearly considered all required evidence under the appropriate standard, Plaintiff's argument that the Magistrate Judge adopted an incorrect standard is OVERRULED.

B. While portions of the ME's testimony support Dr. Coutlakis' opinion, this alone does not make the Magistrate Judge's adoption of the ALJ's Report improper.

Plaintiff further objects on the grounds that the ME's testimony supported Dr. Coutlakis' opinions and that the standard "place[s] an enormous amount of power and weight behind a non examining physician as opposed to that of a long-time

6

treating specialist." (Pl.'s Obj. 6.) Therefore, according to Plaintiff, the ALJ's (and Magistrate Judge's) adoption of the ME's opinion was improper.

As a preliminary matter, Allen attempts to argue that the standard enumerated by the Fourth Circuit, and required by the Social Security Act, is improper because it considers the opinion of an ME who has never treated Plaintiff, more credible than that of a long-time treating physician. Plaintiff's interpretation of the standard is not the standard enumerated by the Fourth Circuit, and further, that argument is outside the scope of this review. The standard of review in these cases is well-settled, and for that reason, Plaintiff's attempt to contravene the standard will not be considered.

Secondly, and relevant to this case, the ALJ properly considered Dr. Coutlakis' opinion and its relation to the medical records. The ALJ's Report clearly states that Dr. Coutlakis' opinion was not deemed controlling because "it [was] inconsistent with other substantial evidence of record," including the ME's testimony. (Report at 12.) Specifically, Dr. Coutlakis' own notes demonstrated "significant improvement" when Plaintiff was taking Arava, a prescribed medication. Additionally, Dr. Coutlakis described Plaintiff's degenerative disc disease as "minimal" and found no evidence of Plaintiff's other complaints of carpal tunnel syndrome, TMJ, or migraines. (Report at 12.) The ALJ found that this evidence was inconsistent with Dr. Coutlakis' assessment that Plaintiff is unable to work half of a normal work week—which Plaintiff attempts to use to justify his complete disability. Because Dr. Coutlakis' opinion was inconsistent with the evidence of the medical record, it was "considered

not controlling," and was afforded "at most moderate weight." (Report at 12.) Thus, Dr. Coutlakis' opinion was properly considered, even though it was given less credibility than Plaintiff would like.

Additionally, Plaintiff asserts that Dr. Coutlakis' opinion is supported by the ME's statement that Plaintiff's condition will occasionally flare up, (see Tr. 30) which makes Dr. Coutlakis' opinion that Plaintiff is disabled supported by medical evidence that should not have been disregarded. The ME was very clear that he believed that Plaintiff should be able "sit six out of eight hours," and "two to four hours out of eight standing or walking." (Tr. 30.) Based on his opinion and the record, it appears the ME disagreed with Dr. Coutlakis' opinion that Plaintiff could only sit for 30 minutes at a time and that he "couldn't be expected to work two to three days straight, and [could] only [work] four hours a day at that." (Tr. 32.) This evidence is not identical, and Plaintiff's attempt to classify it as evidence supporting Dr. Coutlakis' opinion stretches the words' meaning. Because it appears that the ALJ considered the treating physician's opinion in his decision-making—albeit with less credibility—and the opinion of the ME does not support Dr. Coutlakis' finding of disability, Plaintiff's second ground for objection is OVERRULED.

### III. CONCLUSION

For the reasons stated above, Plaintiff's objections will be OVERRULED and the Court will ADOPT Judge Dohnal's Report and Recommendation.

Let the Clerk send a copy of this Order to all parties of record.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Entered this 30th day of March 2009